## HARTLEIB v. GENERAL MOTORS CORPORATION.
### Civ. No. 6345.

United States District Court
N. D. Ohio, W. D.

June 15, 1950.

Catri & Catri, Sandusky, Ohio, and Effler, Eastman, Stichter & Smith, Toledo, Ohio, for plaintiff.

Doyle, Lewis & Warner, Toledo, Ohio, for defendant.

KLOEB, District Judge.

There is before the Court the motion of the defendant to dismiss plaintiff's complaint for the reason that it fails to state a claim upon which relief can be granted, filed under the provisions of Rule 12(b) (6) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

Briefly and simply stated, the cause of action is based upon injuries claimed to have been sustained by the plaintiff while operating a motor truck of the defendant's manufacture, when the fly wheel of the truck went to pieces and parts were flung up through the floor boards of the cab and struck the plaintiff.

According to the allegations of the complaint, the motor truck in question was a 1946 General Motors truck. It was purchased on or about the 26th day of January, 1949, by the Russell Trucking Line, the employer of plaintiff, from the New Departure Division of the General Motors Corporation at Sandusky, Ohio, and was put in use on or about March 22, 1949. The accident happened April 16, 1949, while the plaintiff was operating the truck on a public highway in Huron County, Ohio.

■ The case is brought under the theory of the well known case of MacPherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1050, L.R.A. 1916F, 696, Ann.Cas. 1916C, 440. Counsel for defendant contend that the complaint is defective because it does not state the respect in which the fly wheel was defective. Under the limited requirements of Rule 84 of the Federal Rules of Civil Procedure and Form 9 of the Appendix to those rules, the allegations in this respect may be sufficient, and if further particularity is desired such information may be obtained under the provisions of Rule 33 of the Federal Rules of Civil Procedure, unless such information is stated in sufficient detail in an amended complaint.

■ Counsel for defendant also urges that the complaint is defective in stating a cause of action because of the lapse of time

between the original manufacture of the truck and the time of the accident, a period of two to three years. Of course a good many things may happen to a piece of machinery which is given the rigorous and continuous use common to a motor truck in that period of time, and the fact of such use for that period would be some evidence of its inherent soundness and freedom from ascertainable defects. However, the Court cannot say as a matter of law that there could not be a provable defect discoverable by the use of reasonable care in its manufacture and inspection, however unlikely that may seem to be, which might have resulted in the flying apart of the fly wheel at the time of the accident. Apparently the theory of the plaintiff's cause of action is based upon negligence of the defendant in the manufacture of the fly wheel, the failure to inspect and test the fly wheel before selling the truck to plaintiff's employer, and the representation to the plaintiff's employer that the truck was in good condition.

The motion will be overruled.